Argued March 5, affirmed April 2, 1965

# VON BERGEN *v.* KUYKENDALL

### 400 P. 2d 553

*Duane Vergeer,* Portland, argued the cause for appellant. With him on the brief were Vergeer & Samuels and Frederic P. Roehr, Portland.

*George L. Wagner,* Portland, argued the cause for respondent. On the brief were Koerner, Young, McColloch & Dezendorf and Herbert H. Anderson, Portland.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

HOLMAN, J.

Plaintiff brought an action for damages for personal injuries against the executor of the estate of Marie Michels. Defendant counterclaimed for damages for the death of Mrs. Michels. Plaintiff's injury and Mrs. Michel's death arose out of a collision between a truck driven by the plaintiff and an automobile driven by Mrs. Michels. The accident occurred at the intersection of southeast 242nd Drive and southeast Stark Street in Multnomah County. At the intersection there were posted stop signs and an overhead flashing red stop light for traffic traveling east and west on Stark Street. A cautionary yellow light faced traffic traveling north and south on 242nd Drive.

The accident occurred in broad daylight and the view was unobstructed. Mrs. Michels, traveling west on southeast Stark Street, had stopped at the intersection, pursuant to the signals, and was crossing southeast 242nd Drive when her car was struck broadside from the right by plaintiff's truck going south on 242nd Drive. The operator of neither vehicle was able to testify as plaintiff developed amnesia from injuries in the accident and Mrs. Michels and her passenger died.

Plaintiff received a verdict of $25,000 and defendant appealed.

Defendant charges error because the court permitted the plaintiff, at the completion of plaintiff's case in chief, to amend the allegations of negligence in his complaint by deleting a charge that Mrs. Michels was operating her car too fast and substituting an allegation she was operating it too slowly.

■■ Amendments to conform to the proof pursuant to ORS 16.390 are liberally allowed and the trial court's rulings are largely discretionary. Such rulings will not be disturbed unless there is a clear abuse of discretion. *Goff v. Elde,* 132 Or 689, 692, 288 P 212. The theory of plaintiff's cause of action was that Mrs. Michels was negligent in the operation of her vehicle. This theory was not changed. In the case of *Watson v. Dodson,* 238 Or 621, 395 P2d 866, this court said that a trial judge misconceived the rule of judicial discretion in holding that it was not within his discretionary power to allow an amendment to a complaint to conform to the proof that defendant operated his vehicle with defective brakes. It is our opinion the trial judge did not abuse his discretion in allowing plaintiff Von Bergen to amend.

■ The defendant also claims the court erred in in-

structing the jury on the slow speed statute. ORS 483.114. The statute provides as follows:

"It shall be unlawful for a person to drive a motor vehicle, or combination of motor vehicles, upon an arterial highway at such a slow speed as to impede or block the normal and reasonable movement of traffic, except:

"(1) When a reduced speed is necessary for safe operation, having due regard to the traffic, surface and width of the highway, condition of the motor vehicle, or combination of motor vehicles, the hazard at intersections, and any other conditions then existing; or

"(2) When the motor vehicle, or combination of motor vehicles, necessarily, or in compliance with law, must proceed at a reduced speed; or

"(3) When a reduced speed is in compliance with police direction."

The basis of defendant's claim is that the statute has no application to traffic crossing an arterial highway but only to traffic traveling along it. The evidence indicated Mrs. Michels, who was 78 years of age, stopped at the stop sign and then very slowly— at a speed estimated at about 5 miles per hour— "wandered" diagonally across the intersection.

Defendant relies on a Minnesota case: *Satter v. Turner*, 251 Minn 1, 86 NW2d 85, 66 ALR2d 1178 (1957). It held a slow speed statute had no application to a vehicle, which entered the highway from a stop sign and turned into the highway, until it could reasonably be expected to gain sufficient speed to keep up with traffic and that if the slow speed instruction were given in this situation it should be so qualified.

We have no disagreement with this case but believe it does not necessarily mean that for which de-

fendant contends, i.e., that a slow speed statute has no application to a vehicle entering a through highway. It did not hold that the slow speed statute was in all instances of entry inapplicable but rather that if an instruction on slow speed were given in such a situation it must be qualified. This same qualification is in the Oregon statute. It provides that the prohibition of slow speed is applicable except "(2) When the motor vehicle * * * necessarily * * * must proceed at a reduced speed."

■ We see no reason why the statute should not be applicable to any travel upon the arterial highway which is so unreasonably slow as to impede unnecessarily traffic thereon, whether the slow travel be along or across the highway. Someone who dawdles across an arterial highway is just as great a menace and impediment as if he were traveling in this manner along it.

■■ Defendant contends that slow speed could not be the proximate cause of the accident because either Mrs. Michels was entitled to enter the arterial highway, in which case the traffic on it would be required to yield, or she was not entitled to enter because the through traffic was so close as to constitute a hazard. With this we disagree. It is possible for a vehicle to enter the intersection when it has the right of way but to proceed across at such an unreasonably slow speed that what was not a hazardous entry turns out to be a hazardous crossing. The fact that one has the right of way does not relieve one of negligence committed during the crossing.

The judgment of the trial court is affirmed.