Argued March 2, affirmed March 30, 1966

# WELLS *v.* WASHINGTON COUNTY ET AL
### 412 P. 2d 798

*James F. Spiekerman,* Portland, argued the cause for appellants. With him on the briefs were Mautz, Souther, Spaulding, Kinsey & Williamson, and Gordon Moore, Portland.

*David G. Frost,* Hillsboro, argued the cause for respondent. With him on the brief were Hare, Sturgis, Burdett & Frost, Hillsboro.

Before McAllister, Chief Justice, and Perry, Sloan, Holman and Schwab, Justices.

SLOAN, J.

Defendants appeal from a verdict and judgment awarded plaintiff in an action for personal injuries sustained in an automobile collision. The accident occurred at night on N. W. Cornell Road in Washington county. Plaintiff had been driving her car easterly on the road and was attempting a left turn into an unlighted parking lot. There was testimony that her vehicle's left turn signal was on. While she was in the approximate center of the road her car was struck from the rear by a police car driven by defendant Wiss, a

deputy sheriff for Washington county. The assignments of error relate to rulings of the court that will be mentioned.

The first assignment says the court erred in withdrawing a specification of contributory negligence in the answer which read:

> "5. in parking or leaving standing her vehicle upon the main traveled portion of the highway, when it was practicable to park or leave standing said vehicle off such portion of the highway."

The specification was an attempt to charge plaintiff with violation of ORS 483.362 which prohibits parking on the main traveled portion of a highway. Defendants have not cited a case which holds that this statute was applicable to the facts of this case. Instead, they argue that it was for the jury to decide whether plaintiff was stopped or moving before the collision happened.

■■ Plaintiff testified she was moving slowly to enable her to see if she were correctly approaching the driveway. Defendant Wiss testified that he could see plaintiff's car while he was driving about 400 or 500 feet and that the car was either stopped or "just crawling." Wiss testified that he reduced the speed of his car but did not attempt to stop until it was too late. We think it irrelevant whether plaintiff's car was stopped or slowly moving. The statute did not govern the situation in this case. To hold otherwise would mean that any time a driver momentarily stops before making a left turn, he would be violating the statute. Our cases, like *Dare v. Boss et al,* 1924, 111 Or 190, 224 P 646, and *Townsend v. Jaloff,* 1928, 124 Or 644, 264 P 349, have said that: "Under statutes similar to ours, the term 'park' has been defined by the courts as meaning, in substance, the voluntary act of leaving a car on the

main-traveled portion of the highway when not in use."
*Townsend v. Jaloff, supra,* 124 Or at 649.

*Alex v. Jozelich,* 1956, 248 Minn 27, 78 NW2d 440, is an almost identical case. However, in *Jozelich,* it was defendant's truck that had stopped prior to making a left turn when plaintiff's car collided with the rear of the truck. The trial court gave an instruction equivalent to the ruling sought by defendants in this case, i.e., that parking statutes applied. The Minnesota court held that the parking statute was not relevant to the facts and reversed the trial court. We agree. The assignment is without merit.

■ Defendants next claim that the court erred in refusing to permit an amendment to their answer which would have alleged in substance that plaintiff violated ORS 483.114 in driving at such a slow speed as to impede traffic. The motion was made orally after both parties had rested. Defendants rely on *Von Bergen v. Kuykendall,* 1965, 240 Or 191, 400 P2d 553, where we held it was not an erroneous abuse of discretion to allow a similar amendment. The record of the court's consideration is incomplete. We cannot tell from the record made whether or not the proposed amendment was intended as a substitute for the allegation above mentioned relating to parking or if it were intended as an additional specification of contributory negligence. It is impossible for us, and perhaps it was for the trial court, to know if the amendment would have injected a new and separate defense which would not be allowed by ORS 16.390. On this record we cannot say the court abused its discretion in denying the motion to amend. *Burnett et al v. Hatch,* 1954, 200 Or 291, 300, 266 P2d 414.

■ A third assignment says the court erred in failing to strike a specification in the complaint which

alleged that defendants were negligent "In attempting to pass the plaintiff's vehicle on the right hand side of the roadway." We can find no motion in the record to this effect and defendants' brief does not refer to any nor does the assignment conform to Rule 19. The assignment will not be considered. *Broyles v. Northwest Portrait Finishers,* 1961, 229 Or 427, 367 P2d 403.

■ The last assignment says the court erred in its instruction on life expectancy. The exception taken at the trial did not inform the court of the basis of the claim of error, nor is the exception as made set forth in the brief as required by Rule 19. The assignment will not be considered.

Affirmed.