Argued and submitted March 23, reversed and remanded for new trial April 22, 1987

## STATE OF OREGON,
*Respondent,*

*v.*

## VERNON LEE HART,
*Appellant.*

(M416245, M416246; CA A41662)

735 P2d 1283

David B. Gray, Portland, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals from his convictions for driving while suspended and driving under the influence of intoxicants. His sole contention on appeal is that the initial stop of his vehicle was unlawful and, therefore, that the evidence that flowed from the stop and resulted in the convictions should have been suppressed. We agree and reverse.

Defendant was driving along a city street when, as he approached an intersection, he pulled into the left turn lane. The intersection was controlled by a traffic signal light. The signal for cars proceeding straight through the intersection showed green. The signal for the left turn lane was dark; it did not show any color. There was no sign directing drivers to proceed only on a green left turn arrow. There were no oncoming cars. Defendant did not stop but turned left. The police officer who was following defendant saw a green left turn arrow light come on after defendant had turned left. He stopped the car and discovered the evidence that led to the charges for which defendant was convicted.[1]

A police officer is authorized to issue a citation for a traffic infraction committed in his presence. ORS 810.410(2).[2] The officer may stop and detain a person for a traffic infraction for purposes of investigation reasonably related to the traffic infraction, identification and issuance of a citation. ORS 810.410(3)(b). The statute presupposes that a traffic infraction has occurred, not merely that the officer believed that the defendant's observed conduct was unlawful.[3]

When a defendant files a motion to suppress evidence obtained as a result of a traffic stop, and challenges the officer's authority to make the stop, the state must show that the stop was justified, *i.e.,* it must specify the infraction that the defendant committed. Here, the officer testified that he

---

[1] The officer did not cite defendant in connection with the left turn.

[2] We cite the motor vehicle statutes as currently numbered. Changes which occurred when the new Motor Vehicle Code became effective on January 1, 1986, do not affect this case.

[3] The state argues that, because under ORS 153.110(3) a police officer may detain a person "reasonably believed to have committed a violation," the stop here may have been valid. We disagree. The specific traffic stop statute in the Motor Vehicle Code, ORS 810.410(3)(b), authorizes a stop when a traffic infraction has been committed. It does not include the "reasonably believed" language.

stopped defendant because he failed to wait for the green arrow before turning left. ORS 811.265 prohibits a driver from disobeying a traffic control signal. ORS 811.260 enumerates the appropriate response to particular traffic control signals. The statute does not provide for a particular response to a malfunctioning traffic signal.

The state argues that the stop was justified, because defendant had disobeyed a traffic signal, although it candidly acknowledges that it cannot pinpoint precisely what infraction defendant allegedly committed. At the hearing on the motion to suppress, it was the state's burden to show to the trial court what infraction defendant had committed that gave rise to the officer's authority to stop him. Because it was unable to do so, the trial court erred when it denied the motion to suppress.[4]

Reversed and remanded for a new trial.

---

[4] Even if there is a statute that determines a driver's proper conduct when approaching a malfunctioning traffic signal, it is not the function of this court to conduct a search for it. If such a rule were to be found, it would be of no avail to the state here, because no justification was presented to the trial court on the motion to suppress.