Argued and submitted December 10, 1993, reversed and remanded January 26, 1994, petition for review allowed June 21, 1994 (319 Or 273)

## STATE OF OREGON,
*Appellant,*

*v.*

## ROBERT WILLIAM MATTHEWS,
*Respondent.*

(91D102961; CA A79394)

868 P2d 14

Janet A. Klapstein, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Kevin T. Lafky argued the cause for respondent. On the brief were Elton Lafky and Lafky & Lafky.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant was charged with driving under the influence of intoxicants (DUII). ORS 813.010. The court granted his pretrial motion to suppress evidence obtained after the truck that he was driving was stopped by a police officer. It held that the stop was unlawful, because the state failed to prove that defendant had, in fact, committed a traffic infraction. The state appeals, ORS 138.060(3), and we reverse and remand.

Near midnight on May 22, 1991, Officer Frye was southbound on a rural highway when defendant's truck, in the oncoming lane, caused a glare in his eyes. Frye believed that defendant was operating his vehicle with the high beams on or that the headlights were adjusted improperly. He turned around and followed defendant. Frye testified that, as defendant turned onto a side road, defendant "squealed his tires" and "gunned it for a second." Frye then turned on his overhead lights, and defendant immediately pulled over.

When Frye approached defendant's truck, he noticed the smell of alcohol coming from it. He also noticed that defendant's eyes were bloodshot and watery and that his face was flushed. Frye began an investigation and arrested defendant for DUII. He made no further investigation of the reason for the glare from defendant's headlights.

The state argues that the trial court erred when it required that, in order to justify the stop, the state had to prove that defendant had violated the vehicle code. The state argues that all it must show is that the officer reasonably believed that a traffic infraction had been committed.[1] *See State v. Doherty*, 92 Or App 105, 107, 757 P2d 860, *rev den* 306 Or 660 (1988). Defendant contends that, under *State v. Hart*, 85 Or App 174, 176, 735 P2d 1283 (1987), in order to justify the stop, the state must prove that he had, in fact, committed a traffic infraction.

---

[1] ORS 810.410(3)(b) provides:

"[A police officer] may stop and detain a person for a traffic infraction for the purposes of investigation reasonably related to the traffic infraction, identification and issuance of citation."

Defendant misconstrues *Hart*. In *Hart*, we held that the vehicle stop was unlawful, because the defendant had not violated any traffic law when he turned left in response to a malfunctioning traffic signal. Accordingly, the officer could not have had a reasonable belief that a traffic infraction had occurred. In *State v. Hayes*, 99 Or App 387, 782 P2d 177 (1989), *rev den* 309 Or 441 (1990), we explained the context in which *Hart* applies. There, an officer ran a radio check on a license plate and received a response that indicated that the vehicle was not properly registered, in violation of ORS 803.300. The officer stopped the vehicle and discovered that the vehicle was properly registered; however, he also discovered that the defendant's driving privileges had been suspended. We said:

> "In each of those cases [*Hart* and *State v. Stoner*, 77 Or App 389, 713 P2d 637 (1986)], the facts observed by the officer, *even if true, did not constitute a violation of any traffic law*. * * * Here, the information that the officer had just before the stop gave him a reasonable basis for a belief that defendant's vehicle was not properly registered. That would be in violation of ORS 803.300, a Class C traffic infraction." 99 Or App at 389. (Emphasis supplied.)

Here, Frye testified that he stopped defendant because he believed that defendant's vehicle headlights were not properly adjusted or that the high beams were on. That observation provided a reasonable basis for Frye to believe that defendant was operating his vehicle in violation of ORS 811.520, a Class B infraction.[2] That is all that is necessary to justify a vehicle stop under ORS 810.410. *State v. Rivera*, 121 Or App 246, 249, 855 P2d 188 (1993). The trial court erred when it required the state to prove at the suppression hearing that defendant had, in fact, violated a traffic law.

Reversed and remanded.

---

[2] Pertinent sections and subsections of ORS 811.520 and ORS 811.515 make it illegal for a driver to fail to dim headlights when approaching other vehicles or to have lights adjusted in such a manner that they will strike the roadway more than 75 feet away from the vehicle. *See* ORS 811.515(6), (8).