Argued and submitted September 23, affirmed November 13, 2002

# STATE OF OREGON,
*Respondent,*

*v.*

# DAVID F. POTTER,
*Appellant.*

## Z911727; A115242

57 P3d 944

Andrew S. Chilton argued the cause and filed the brief for appellant.

Julie A. Smith, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

KISTLER, J.

**KISTLER, J.**

Defendant appeals from a judgment of conviction for impeding traffic and failing to use a bicycle lane. He contends that a bicyclist cannot be convicted of impeding traffic and that there was no evidence that the city had determined that the bicycle lane was suitable for safe bicycle use, as required by statute. We affirm.

Defendant participated in a Critical Mass bicycle ride. He was one of several bicyclists who were traveling westbound on the Hawthorne Bridge towards downtown Portland. There is a marked bicycle lane on the bridge. The bicyclists, however, were occupying both of the westbound traffic lanes. Several officers monitoring the ride contacted the bicyclists, and one rider was taken into custody. Other bicyclists stopped in the roadway and were chanting at the officers who were arresting the rider. Defendant was one of the bicyclists who were chanting and, like some of the others, was not in the bicycle lane. Officer Dave Hedges asked defendant to get back on his bike and continue riding because he was blocking traffic. Defendant refused and continued yelling at the officers who were taking the other rider into custody. Hedges arrested defendant, removed him from the crowd, and cited him for impeding traffic and failing to use the bicycle lane.

At trial, defendant moved for a judgment of acquittal on both charges. Regarding the impeding traffic charge, he argued that the statute applies only to motor vehicles and that, by statute, a bicycle is not a motor vehicle. *See* ORS 811.130; ORS 801.360. Regarding the charge that he failed to use the bicycle lane, defendant argued that ORS 814.420(2) requires the state to prove that the appropriate governmental body found, after holding public hearings, that the bicycle lane was suitable for safe bicycle use at reasonable rates of speed. Defendant argued that, because the state did not put on any evidence on that issue, it had failed to meet its burden of production. The trial court denied defendant's motion and convicted him on both counts.

On appeal, defendant raises substantially the same arguments that he made below. We begin with defendant's

conviction for impeding traffic, *see* ORS 811.130(1), starting with the text and context of that statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). ORS 811.130(1) provides:

> "A person commits the offense of impeding traffic if the person drives a motor vehicle or a combination of motor vehicles in a manner that impedes or blocks the normal and reasonable movement of traffic."

A motor vehicle is defined as "a vehicle that is self-propelled or designed for self-propulsion." ORS 801.360. The state concedes that bicycles are not motor vehicles because they are not generally designed for self propulsion. *See also* ORS 801.150(4) ("bicycle" means a "vehicle" that, among other things, "[i]s propelled exclusively by human power").

Viewed in isolation, ORS 811.130 does not appear to apply to bicyclists. The state argues, however, that two other statutes—ORS 801.026(6) and ORS 814.400—make ORS 811.130(1) applicable to bicyclists. ORS 801.026(6) provides that "bicycles are generally subject to the vehicle code as provided under ORS 814.400." ORS 814.400, in turn, provides:

> "(1) Every person riding a bicycle upon a public way is subject to the provisions applicable to and has the same rights and duties as the driver of any other vehicle concerning operating on highways * * *, except:
>
> "* * * * *
>
> "(b) When otherwise specifically provided under the vehicle code."[1]

The state reasons that ORS 814.400 establishes that the rules that apply to motor (and other) vehicles also apply to bicycles unless the vehicle code specifically provides otherwise. Because ORS 811.130 does not specifically except bicycles from the prohibition against impeding traffic, the state

---

[1] There is another exception to the general rule set out in ORS 814.400(1). ORS 814.400(1)(a) provides that the rules that apply to motor and other vehicles apply to bicycles except for "[t]hose provisions which by their very nature can have no application." Because neither party contends that this exception applies, we do not consider it.

concludes that ORS 811.130 applies to bicycles as well as motor vehicles.

Defendant reaches a different conclusion. He reasons that the reference to motor vehicles in ORS 811.130 means that that statute "specifically provide[s]" that it does not apply to bicycles within the meaning of ORS 814.400(1)(b). Defendant's interpretation of the exception set out in ORS 814.400(1)(b) would render the general rule set out in ORS 814.400(1) meaningless. According to defendant, ORS 814.400 should be interpreted as follows: A provision of the vehicle code that applies to motor (and other) vehicles also applies to bicycles unless the vehicle code provision states that it applies to motor vehicles. Under defendant's interpretation of ORS 814.400, the exception set out in subsection (1)(b) would swallow the general rule set out in subsection (1). The fact that ORS 811.130 states that it applies to motor vehicles does not bring it within the terms of the exception set out in ORS 814.400(1)(b).

The context leads to the same conclusion. As the state points out, there are many instances in which the legislature has specifically stated that bicycles are exempt from the vehicle code's requirements. *See, e.g.*, ORS 803.030(7) ("[b]icycles are exempt from the requirements for title"); ORS 811.405(2) (section regarding violations for failure to signal with lights "does not require the driver of a moped or bicycle that is not equipped with lighting equipment to use lighting equipment when required by this section"). When the legislature intended to exempt bicycles from the rules set out in the vehicle code, it said so expressly. The legislature did not include a specific exclusion in ORS 811.130, and "settled principles of statutory construction counsel against reading such an exception into that statute." *Villanueva v. Board of Psychologist Examiners*, 175 Or App 345, 357, 27 P3d 1100 (2001), *adh'd to on recons*, 179 Or App 134, 39 P3d 238 (2002); *see also Gladhart v. Oregon Vineyard Supply Co.*, 332 Or 226, 233, 26 P3d 817 (2001); *Armstrong v. Rogue Federal Credit Union*, 328 Or 154, 160, 969 P2d 382 (1998). More specifically, settled principles of statutory construction counsel against holding that ORS 811.130 is a law that specifically provides that it does not apply to bicycles within the meaning

of ORS 814.400(1)(b). Because ORS 811.130 applies to bicycles as well as motor vehicles, the trial court correctly denied defendant's motion for a judgment of acquittal on the charge of impeding traffic.

█　　　We turn next to defendant's argument that the trial court erred in denying his motion for a judgment of acquittal on the charge that he failed to use a bicycle lane in violation of ORS 814.420. That statute provides:

> "(1)　Except as provided in subsection (2) of this section, a person commits the offense of failure to use a bicycle lane or path if the person operates a bicycle on any portion of a roadway that is not a bicycle lane or bicycle path when a bicycle lane or bicycle path is adjacent to or near the roadway.

> "(2)　A person is not required to comply with this section unless the state or local authority with jurisdiction over the roadway finds, after public hearing, that the bicycle lane or bicycle path is suitable for safe bicycle use at reasonable rates of speed."

ORS 814.420. Defendant does not dispute that there was evidence that he was operating his bicycle outside the bicycle lane in violation of subsection (1) of the statute. He argues instead that the state failed to prove, as subsection (2) requires, that the city determined, after a public hearing, that the bicycle lane on the Hawthorne Bridge was suitable for safe bicycle use.

The state responds that the evidence that it introduced, when viewed in light of a statutory presumption, was sufficient to meet its burden of production. Alternatively, it argues that subsection (2) establishes an affirmative defense; it does not constitute an element of the state's case. We need not reach the state's alternative argument. Even if we assume that subsection (2) is an element of the state's case, we agree with the state that there was sufficient evidence to meet the state's burden of production. ORS 810.250(3) provides:

> "When a traffic control device is placed in position approximately conforming to the requirements of the traffic

regulations or other laws of this state, the device is presumed to have been placed by an official act or at the direction of lawful authority unless the contrary is established by competent evidence."

A bicycle lane is a traffic control device within the meaning of ORS 810.250(3),[2] and ORS 810.250(3) creates a rebuttable presumption that the bicycle lane was placed on the Hawthorne Bridge in compliance with the requirements of ORS 814.420(2). Given the evidence in this case, the trial court could find that the state had proved the basic fact[3] and that the presumed fact was sufficient to meet the state's burden of production.[4] The trial court correctly denied defendant's motion for a judgment of acquittal on the charge of failing to use a bicycle lane.

Affirmed.

---

[2] A traffic control device includes "[a]ny sign, signal, marking or device placed, operated or erected by authority under ORS 810.210 for the purposes of guiding, directing, warning or regulating traffic." ORS 801.540. Although defendant argues otherwise, a bicycle lane is a marking placed for the purposes of guiding or directing bicycle and vehicular traffic and thus is a traffic control device within the meaning of ORS 801.540.

[3] ORS 801.155 defines a "bicycle lane" as "that part of the highway, adjacent to the roadway, designated by official signs or markings for use by persons riding bicycle[s]." The relevant regulations provide that a bicycle lane shall be designated by a solid white line and may be marked by, among other things, a figure of a bicyclist stenciled on the pavement. OAR 734-020-0060(2)(a)(A); Oregon Department of Transportation, Traffic Management Section, *Traffic Line Manual* 13 and Figure 40b (2000). In this case, the officer testified that the bicycle lane on the Hawthorne Bridge was designated as such by "a painted white line" and "painted silhouettes of a person riding a bicycle[.]" The trial court could find from that evidence that the basic fact had been proved; that is, it could infer that the bicycle lane on the Hawthorne Bridge "conform[ed] to the requirements of the traffic regulations or other laws of this state[.]" *See* ORS 810.250(3).

[4] In a criminal case, the state may not rely on a rebuttable or a conclusive presumption to establish an element of its case. *See Sandstrom v. Montana*, 442 US 510, 99 S Ct 2450, 61 L Ed 2d 39 (1979); *State v. Stilling*, 285 Or 293, 297, 590 P2d 1223, *cert den*, 444 US 880 (1979). The failure, however, to use a bicycle lane is a Class D traffic violation, ORS 814.420(3), and a violation is not a crime, ORS 161.515. The state accordingly may use rebuttable presumptions to prove traffic violations. *Cf. State v. Clay*, 332 Or 327, 333, 29 P3d 1101 (2001) (applying rebuttable presumptions in a traffic violation case).