Argued and submitted January 19, reversed and remanded October 12, 2005

# STATE OF OREGON,
*Respondent,*

*v.*

# JACOB LEE JAMES TIFFIN,
*Appellant.*

## 020190M; A121008

121 P3d 9

Garrett A. Richardson argued the cause and filed the brief for appellant.

David J. Amesbury, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Deits, Judge pro tempore.

DEITS, J. pro tempore.

**DEITS, J. pro tempore**

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants, ORS 813.010. He assigns error to the trial court's denial of his motion to suppress evidence, arguing that the underlying stop for a traffic infraction was not supported by probable cause. We review for errors of law, *State v. Riddle*, 149 Or App 141, 144, 941 P2d 1079, *rev den*, 326 Or 68 (1997), and reverse and remand.

The facts are undisputed. Just before midnight on January 31, 2002, two police officers, Justema and Selig, were driving along Monument Drive in Josephine County, which is a two-lane road that has a posted speed limit of 40 miles per hour. The officers drove up behind defendant, who was driving his car between 28 and 30 miles per hour. There was no ice on the roads and it was not raining or snowing, although Justema testified that there may have been some mist or drizzle. The officers followed defendant's vehicle for approximately one mile. During that time, there were no other cars on the road. Along that mile of road, there were several turnouts that defendant could have pulled into to allow the officers to pass. Defendant did not do so. Also, along that part of the road, there was either a passing lane or a passing zone where the officers could have safely passed defendant. Justema testified that he could have passed defendant but chose not to do so because, at that point, the officers wanted to continue to follow defendant. After about a mile, defendant turned onto Timber Road. At that time, the officers activated the overhead lights on their vehicle and stopped defendant. When Justema approached defendant's vehicle to speak with him, Justema smelled the odor of alcohol coming from defendant. Based on evidence gathered as a result of the stop, defendant was arrested for and subsequently convicted of driving under the influence of intoxicants.

Before trial, defendant moved to suppress the evidence obtained from the stop on the ground that the stop was unlawful. The trial court denied the motion after concluding that the officers had probable cause to believe that, by driving 10 to 12 miles per hour under the posted speed limit and

failing to allow the officers' vehicle to pass, defendant had been impeding traffic in violation of ORS 811.130.[1]

The only issue on appeal is whether the trial court erred in denying the motion to suppress. Defendant renews his argument that the officers lacked probable cause to believe that he had violated ORS 811.130. The state responds that the trial court correctly concluded that the officers had probable cause and, that, in any event, the court correctly refused to suppress the evidence because the officers had reasonable suspicion that defendant was driving under the influence of intoxicants. We do not address the state's argument that the stop was lawful based on the officers' reasonable suspicion that defendant was driving under the influence because the state did not make that argument to the trial court. Had the state done so, defendant might have developed a different record below. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 660, 20 P3d 180 (2001) (right for the wrong reason doctrine requires that "the record materially be the same one that would have been developed had the prevailing party raised the alternative basis for affirmance below"). Here, the state's argument to the trial court focused exclusively on ORS 811.130, and defendant had no occasion to develop a record about whether the officers suspected that he had been driving under the

---

[1] ORS 811.130 provides:

"(1) A person commits the offense of impeding traffic if the person drives a motor vehicle or a combination of motor vehicles in a manner that impedes or blocks the normal and reasonable movement of traffic.

"(2) A person is not in violation of the offense described under this section if the person is proceeding in a manner needed for safe operation.

"(3) Proceeding in a manner needed for safe operation includes but is not necessarily limited to:

"(a) Momentarily stopping to allow oncoming traffic to pass before making a right-hand or left-hand turn.

"(b) Momentarily stopping in preparation of, or moving at an extremely slow pace while, negotiating an exit from the road.

"(4) A person is not in violation of the offense described under this section if the person is proceeding as part of a funeral procession under the direction of a funeral escort vehicle or a funeral lead vehicle.

"(5) The offense described in this section, impeding traffic, is a Class D traffic violation."

influence of intoxicants and whether any such suspicion was reasonable.

■■ We turn to the state's argument regarding probable cause. An officer may lawfully stop and detain a person for a traffic infraction if the officer has "probable cause to believe that an infraction has been committed." *State v. Isley*, 182 Or App 186, 190, 48 P3d 179 (2002). "Probable cause exists if, at the time of the stop, the officer subjectively believes that the infraction occurred and if that belief is objectively reasonable under the circumstances." *Id.* Defendant here does not contend that the officers lacked the necessary subjective belief that he violated ORS 811.130 but, instead, challenges the objective reasonableness of that belief.

■ Several principles guide our inquiry into whether an officer's belief that an infraction occurred is objectively reasonable. First, an officer's belief may be objectively reasonable even if it turns out to be incorrect. For example, in *State v. Hayes*, 99 Or App 387, 782 P2d 177 (1989), *rev den*, 309 Or 441 (1990), an officer ran a radio check on the defendant's license plate and received a response that indicated that the vehicle was not properly registered, in violation of ORS 803.300. The officer stopped the vehicle, ran a further check, and discovered that the vehicle was properly registered. We concluded that the officer had probable cause to stop the vehicle because "the information that the officer had just before the stop gave him a reasonable basis for a belief that defendant's vehicle was not properly registered." *Id.* at 389; *see also Isley*, 182 Or App at 190 (probable cause determination requires examination of facts of which officer was cognizant and officer's beliefs about those facts need not turn out to be correct).

Further, the facts, as the officer perceives them, must actually constitute an infraction in order for the officer's belief that an infraction occurred to be objectively reasonable. For example, in *State v. Hart*, 85 Or App 174, 176-77, 735 P2d 1283 (1987), we held that a vehicle stop was unlawful because the defendant had not violated any traffic law when he turned left in response to a malfunctioning traffic signal. Accordingly, the officer could not have had a reasonable belief that a traffic infraction had occurred. *See also State v.*

*Stearns*, 196 Or App 272, 275, 101 P3d 811 (2004) ("subjective belief that a traffic infraction occurred was objectively reasonable only if, in fact, obstruction of the word 'Oregon' by a registration plate frame is a violation of ORS 803.550").

As we explained in *Hayes*, the crucial difference between our decision in that case and those in the *Hart* line of cases is that, in *Hayes*, the officer was mistaken as to the facts, but in the *Hart* line of cases, "the facts observed by the officer, *even if true*, did not constitute a violation of any traffic law." *Hayes*, 99 Or App at 389 (emphasis added); *accord State v. Matthews*, 126 Or App 154, 868 P2d 14, *aff'd*, 320 Or 398, 884 P2d 1224 (1994) (relying on the distinction drawn in *Hayes* between an officer's mistake as to facts and mistake as to law).

■ Finally, although the facts as perceived by the officer must constitute the *elements* of an offense, an officer need not eliminate the possibility that a defense or exception to the offense applies. *State v. Bourget-Goddard*, 164 Or App 573, 577, 993 P2d 814 (1999), *rev den*, 330 Or 331 (2000). In that case, an officer stopped the defendant after observing him drive a car without wearing a shoulder strap. The defendant argued that the officer did not have probable cause to believe that he had violated the seat-belt law because the officer did not have probable cause to believe that each of the exemptions to that law did not apply. We held that the officer's belief that an infraction had occurred was objectively reasonable because the state is not "required to eliminate the possible applicability of defenses or statutory exemptions that do not describe a necessary element of the offense itself." *Id.* at 578.

In sum, an officer's subjective belief that a traffic infraction occurred is objectively reasonable if, and only if, the facts as the officer perceived them actually satisfy the elements of a traffic infraction. With that principle in mind, we turn to the facts of this case.

■ As noted above, defendant does not contest that the officers subjectively believed that he violated ORS 811.130(1), which provides that, with certain exceptions, "[a] person commits the offense of impeding traffic if the person drives a motor vehicle or a combination of motor vehicles in a

manner that impedes or blocks the normal and reasonable movement of traffic." Instead, defendant contends that the officers' belief was not objectively reasonable because the facts of this case do not support the legal conclusion that, under the terms of the statute, he blocked or impeded the normal and reasonable flow of traffic. It is defendant's position that he did not impede or block the officers because they began to intentionally follow him "very soon after" they came up behind him and they were therefore not impeded or blocked—they could have safely and lawfully passed him but chose not to. Defendant argues that there is no evidence that, before the officers decided to remain behind his vehicle and follow him, that he impeded "normal and reasonable" traffic movement. We agree.

ORS 811.130 prohibits operating a vehicle in a manner that "impedes or blocks" the flow of traffic. For example, in *State v. Potter*, 185 Or App 81, 57 P3d 944 (2002), we held that the statute prohibits a cyclist from stopping his bicycle in the vehicle lane of the Hawthorne Bridge in Portland because doing so "impedes" the flow of traffic. In contrast, here, after the officers decided to follow defendant, he did not impede or block them; their progress was slowed by their choice to investigate their suspicions by following him, not by defendant's driving.

The state nevertheless asserts that the officers were impeded for the brief time before they decided to purposefully follow defendant, relying on *Von Bergen v. Kuykendall*, 240 Or 191, 195, 400 P2d 553 (1965), for the proposition that driving unreasonably slowly may impede the normal and reasonable flow of traffic. In *Von Bergen,* the court applied *former* ORS 483.114 (1963), *repealed by* Oregon Laws 1975, chapter 451, section 291, the predecessor to ORS 811.130. *Former* ORS 483.114 (1963) provided that, with certain exceptions, "[i]t shall be unlawful for a person to drive a motor vehicle, or combination of motor vehicles, upon an arterial highway at such a slow speed as to impede or block the normal and reasonable movement of traffic[.]" In *Von Bergen*, an elderly driver approached an intersection of an arterial highway, "stopped at the stop sign and then very slowly—at a speed estimated at about 5 miles per hour—'wandered' diagonally across the intersection." *Von Bergen*, 240 Or at 194. The

Supreme Court held that the statute prohibited such driving because it was "unreasonably slow." *Id.* at 195.

*Von Bergen* is distinguishable from the circumstances here. In that case, traffic along the arterial highway would have been forced to come to a near stop in order to avoid colliding with the car moving at five miles per hour diagonally across the lanes of traffic. Clearly, under those circumstances, traffic was impeded. In contrast, here, the officers were forced to slow down only for a fraction of a mile before they had the opportunity to pass defendant. They testified that defendant was driving unusually slowly for that stretch of road, along which other drivers often speed, and defendant therefore may have impeded the "normal" movement of traffic along that road. Under different circumstances, that might be true. Here, however, where the speed was not significantly below the speed limit, there were no other cars on the road, and, if the officers' vehicle was blocked at all, it was for a very short distance, it cannot be said that defendant violated ORS 811.130 by blocking or impeding the normal and reasonable flow of traffic.

For all of the above reasons, we hold that the trial court erred in concluding that the officers had probable cause to stop defendant for violating ORS 811.130 and in denying defendant's motion to suppress.

Reversed and remanded.