GILBERTSON, Chief Justice.
[¶ 1.] On February 7, 2007, Ryan A. Wendling (Wendling) was arrested for driving under the influence of alcohol (DUI). Alleging a violation of his Fourth Amendment protection against illegal search and seizure, Wendling filed a motion in the South Dakota Third Judicial Circuit to suppress all evidence obtained as a result of the traffic stop that led to the arrest. The circuit court granted the motion. The State filed a petition seeking discretionary intermediate review by this Court. We granted, that petition. We now reverse and remand.
FACTS AND PROCEDURE
[¶ 2.] The traffic stop leading to Wen-dling’s arrest occurred' in the • City of Brookings, South Dakota, shortly before 1:00 a.m. on February 7, 2007. At that time, Officer Dana Rogers (Rogers) of the Brookings Police Department, had his patrol car positioned near the intersection of 6th Avenue and Front Street. As he looked to the west, he observed a pickup, operated by Wendling, that had been proceeding south on 5th Avenue as it turned east on to Front Street. The street at the time was covered with snow and ice. Rogers observed that “the back end of the pickup swung around and made a fishtail action” as it rounded the corner. Rogers stopped Wendling and thereafter asked Wendling to accompany him to the patrol car. Once Wendling was inside the patrol car, Rogers detected “a strong odor of alcoholic beverages.” Rogers administered a preliminary breath test, which indicated that Wendling had a blood alcohol content of .102. Rogers placed Wendling under arrest and transported him to the hospital emergency room where the results of a blood test revealed that Wen-dling’s blood alcohol content was .132.
[¶ 3.] Wendling was cited that day for overdriving road conditions in violation of SDCL 32-25-3. On February 22, 2007, the Brookings Police Department Chief of Police swore out a complaint against Wendling for DUI in violation of SDCL 32-23-1(1). An information charging Wendling with that offense was filed by the Brook-ings County State’s Attorney. Since Wen-dling had two prior DUI convictions within 10 years of February 7, 2007, a supplemental information charging him with felony third offense DUI in violation of SDCL 32-23-4 was also filed.
[¶ 4.] At a preliminary hearing on April 16, 2007, Rogers indicated that it was icy enough at the time of the traffic stop that he did not have Wendling perform an outdoor field sobriety test. He also stated that he assumed Wendling lost traction going around the corner because of the snow and ice and indicated that in his opinion a loss of traction under those conditions was not unusual.
*839 [¶ 5.] When Wendling’s motion to suppress was heard on June 6, 2007, Rogers indicated that while he saw the pickup fishtail, he never saw it going sideways and reiterated his opinion that the snow and ice on the road were responsible for Wendling’s loss of traction. He also acknowledged that “other than the fact that the back-end [of the pickup] lost traction as it turned the corner on [the] icy street,” (emphasis added), there was nothing about Wendling’s driving that appeared erratic in the one-block stretch between 5th and 6th Avenues within which Rogers observed Wendling. Rogers then confirmed that his “sole basis” for initiating the stop was the fishtail as Wendling rounded the corner.
[¶ 6.] The circuit court entered its memorandum opinion on June 22, 2007, granting Wendling’s motion to suppress evidence obtained as a result of the February 7 traffic stop. The court’s memorandum decision was incorporated into its findings of fact and conclusions of law entered on July 20, 2007. The court found that Rogers stopped Wendling because of his suspicion that Wendling was overdriv-ing the road conditions when he rounded the corner of 5th Avenue and Front Street in violation of SDCL 32-25-3. Noting that the streets were “ice and snow covered” at the time, the court also found that the pickup “fishtailed” when it lost traction and that “Rogers did not observe any other erratic driving” as he watched the pickup travel toward him on Front street. (Emphasis added). Citing State v. Tiffin, 202 Or.App. 199, 121 P.3d 9, 12 (2005), the court concluded that in order for there to be justification for the stop, “Rogers’ [sic] suspicion of a violation [of SDCL 32-25-3 must be] objectively reasonable” and that “to be objectively reasonable, the facts as 'perceived by Rogers must actually constitute, or support a violation of the statute.” (Emphasis added). In reaching its decision to grant Wendling’s motion, the eir-cuit court also concluded that “Rogers did not have a reasonable and articulable suspicion of a violation of [SDCL 32-25-3].” (Emphasis added).
[¶ 7.] The State raises one issue on appeal:
Whether the circuit court erred in granting Wendling’s motion to suppress evidence obtained as a result of the February 7, 2007, traffic stop based on its conclusion that there was no reasonable and articulable suspicion of a violation SDCL 32-25-3 to justify the stop.
STANDARD OF REVIEW
[¶ 8.] When a motion to suppress evidence is based on an alleged violation of a constitutionally protected right, we apply the de novo standard to our review of the circuit court’s decision to grant or deny that motion. State v. Labine, 2007 SD 48, ¶ 12, 733 N.W.2d 265, 268-269. “While we review the [circuit] court’s findings of fact under the clearly erroneous standard, we give no deference to its conclusions of law and thereby apply the de novo-standard.” State v. Condon, 2007 SD 124, ¶ 15, 742 N.W.2d 861, 866 (citation omitted).
ANALYSIS AND DECISION
[¶ 9.] Whether the circuit court erred in granting Wendling’s motion to suppress evidence obtained as a result of the February 7, 2007, traffic stop based on its conclusion that there was no reasonable and articulable suspicion of a violation [of] SDCL 32-25-3 to justify the stop.
[¶ 10.] SDCL 32-25-3, the statute upon which Rogers issued the citation to Wen-dling for “overdriving road conditions,” provides as follows:
It is a Class 2 misdemeanor for any person to drive a motor vehicle on a *840 highway located in this state at a speed greater than is reasonable and prudent under the conditions then existing or at speeds in excess of those fixed by this chapter or provided by the Transportation Commission.
(Emphasis added). Referencing this statute in Conclusion 6, the circuit court stated:
... SDCL 32-25-3, regulates the speed of driving, not the manner of driving. The statute prohibits driving “at speeds greater than is reasonable and prudent under the conditions then existing.” There was little or no evidence presented by the State of what speed Wendling was driving, or of what speed would have been reasonable and prudent, or that excessive speed caused the fishtailing. Rogers’ opined that the fishtailing was caused by rapid or hard acceleration, a maneuver that can be done at almost any speed. Indeed, Rogers testified at the preliminary hearing in this matter that he assumed the loss of traction was due to the snow and ice and that this was not unusual considering the road conditions.
[¶ 11.] A review of the circuit court’s incorporated memorandum and its findings of fact and conclusions of law reveals that it erroneously applied the probable cause standard set out by the Oregon Court of Appeals in Tiffin to this largely factual conclusion. That court held in Tiffin:
An officer may lawfully stop and detain a person for a traffic infraction if the officer has probable cause to believe that an infraction has been committed. Probable cause exists if, at the time of the stop, the officer subjectively believes that the infraction occurred and if that belief is objectively reasonable under the circumstances.
121 P.3d at 11 (citing State v. Isley, 182 Or.App. 186, 48 P.3d 179 (2002))(internal citations omitted)(emphasis added). However, this is more than what is required to justify a lawful traffic stop in South Dakota. The standard we have consistently applied to justify a traffic stop is the lesser standard of reasonable suspicion. State v. Lockstedt, 2005 SD 47, ¶ 16, 695 N.W.2d 718, 722 (quoting State v. Barton, 2001 SD 52, ¶ 13, 625 N.W.2d 275, 279); see also State v. Lownes, 499 N.W.2d 896, 898-99 (S.D.1993) (recognizing that the “reasonable suspicion” standard is less demanding than “probable cause”) (quoting Alabama v. White, 496 U.S. 325, 330, 110 S.Ct. 2412, 2416, 110 L.Ed.2d 301, 309 (1990)).
[¶ 12.] In applying the reasonable suspicion standard, we recognize that “[w]hile the stop may not be the product of mere whim, caprice, or idle curiosity, it is enough that the stop is based upon ‘specific and articulable facts which taken together with rational inferences from those facts reasonably warrant the intrusion.’ ” Lockstedt, 2005 SD 47, ¶ 17, 695 N.W.2d at 722; State v. Muller, 2005 SD 66, ¶ 14, 698 N.W.2d 285, 289; see also State v. Aaberg, 2006 SD 58, ¶¶ 13, 14, 718 N.W.2d 598, 601-02 (holding that the driver of a vehicle who pulled into the parking lot of a bar late in the evening, who staggered and nearly fell down, constituted a specific and articulable basis by which a reasonable police officer could suspect the subject was under the influence of alcohol); State v. Ballard, 2000 SD 134, ¶¶ 2, 11, 617 N.W.2d 837, 839, 840-41 (holding that a vehicle that was traveling part way on the shoulder and that then crossed over the center line, constituted reasonable suspicion to conduct a traffic stop); State v. Sleep, 1999 SD 19, ¶ 8, 590 N.W.2d 235, 238 (weaving and straddling the line between lanes constitutes reasonable suspicion for a law enforcement traffic stop); State v. Thill, 474 N.W.2d 86, 88 (S.D.1991) (holding that *841 avoidance of a road block was sufficient to create an articulable and reasonable suspicion supporting a traffic stop); State v. Anderson, 331 N.W.2d 568, 570 (S.D.1983) (holding reasonable suspicion and not probable cause necessary for traffic stop).
[¶ 13.] Based on a proper application of the reasonable suspicion standard, which is a less demanding standard than “probable cause,” to the material facts of this case, we conclude that there was a proper basis for Rogers to stop Wendling to ascertain the basis for the erratic driving. Therefore, we reverse the circuit court and remand for further proceedings consistent with this opinion.
[¶ 14.] SABERS, KONENKAMP, and ZINTER, Justices, concur.
[¶ 15.] MEIERHENRY, Justice, concurs in result.