Argued and submitted August 20, 2014, reversed and remanded
September 10, 2015

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**RIAN PATRICK MURPHY,**
*Defendant-Appellant.*

Multnomah County Circuit Court
120545101; A152609

359 P3d 507

Lindsey Burrows, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Egan, Judge, and Edmonds, Senior Judge.

EGAN, J.

**EGAN, J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010, that followed his conditional guilty plea. Defendant assigns error to the trial court's denial of his motion to suppress evidence obtained after a police officer stopped his car for violation of ORS 811.315,[1] which defines the Class B violation of "failure of a slow driver to drive on the right," arguing that the officer lacked probable cause that defendant had violated that statute. The officer, who drove behind defendant's vehicle to pace it, observed that defendant was traveling at 32 miles per hour in a 35-mile-per-hour zone. Given that defendant was driving late at night through an urban area lighted by streetlights and ambient light, defendant argues that he was not traveling at "less than the normal speed of traffic at the time and place and under the conditions then existing," ORS 811.315, and thus, the facts as the officer perceived them did not constitute a violation. The state argues that a reasonable officer could conclude that defendant was traveling abnormally slowly. We agree with defendant and, accordingly, reverse and remand.

We review the question whether a traffic stop is supported by probable cause for legal error. *State v. Tiffin*, 202 Or App 199, 201, 121 P3d 9 (2005). We are bound by the trial court's findings of historical fact if those findings are supported by evidence in the record. *State v. Hall*, 339 Or 7, 10, 115 P3d 908 (2005). In the absence of express findings, we presume that the trial court resolved factual disputes consistently with its ultimate conclusion. *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968).

The relevant facts are undisputed. At 2:55 a.m., Deputy Sheriff Gay was driving a marked patrol vehicle on an urban road, with two eastbound lanes, two westbound

---

[1] ORS 811.315 provides, in part:

"(1) A person commits the offense of failure of a slow driver to drive on the right if the person is operating a vehicle upon a roadway at less than the normal speed of traffic at the time and place and under the conditions then existing and the person fails to drive:

"(a) In the right-hand lane available for traffic; or

"(b) As close as practicable to the right-hand curb or edge of the roadway."

lanes, and a center turning lane, where the speed limit is 35 miles per hour. It was dark, and the street was lighted by ambient light and street lights. Parts of the Driver and Motor Vehicle Services Oregon Driving Manual (Oregon Driver Manual), which defendant entered into the record at the hearing on the motion to suppress, advise night drivers to operate at a reduced speed.[2]

Gay, who was traveling at 35 miles per hour "came upon" defendant's vehicle in the left lane. Defendant was traveling at 32 miles per hour. Gay followed defendant for one and one-half miles and, during that time, two other vehicles followed behind Gay. No vehicles were present in the right lane. Defendant remained in the left lane because he was preparing to make a left-hand turn within less than 15 blocks.

Based upon defendant's failure to move into the right lane, Gay believed that defendant had violated ORS 811.315. Accordingly, Gay initiated a traffic stop, and defendant pulled over one-half mile later. As he approached the driver's side window, Gay smelled the odor of alcohol, and he noticed that defendant's movements were shaky and jerky; that defendant would not make eye contact with him; that defendant's eyes were glassy, bloodshot, and watery; and that his speech was slurred. Defendant agreed to perform field sobriety tests, which indicated that he was impaired, and he performed a breath alcohol test at the police station. The state charged defendant with DUII.

As noted, defendant argues that the facts as the officer perceived them—that defendant was driving in the left lane at three miles per hour below the posted speed limit late at night in an urban area—did not constitute a violation because such speed is the normal speed given the conditions then existing. The state argues that defendant's speed was less than the normal speed given the conditions then existing, and, even if the speed was not abnormally

---

[2] The Oregon Driver Manual provides, in part:

"*Reduce Speed at Night*

"Slow down after sunset. You need the extra reaction time that slower speeds allow."

Driver and Motor Vehicle Services, *Oregon Driver Manual* 67 (2015).

slow given the conditions, the officer's mistake on that point does not mean that probable cause did not exist, because "the key to probable cause is the factual information that the officer possessed at the time not the officer's certainty or accuracy about the law's requirements." We conclude that, on these facts, defendant did not violate the statute. Moreover, we reject the state's alternative argument that, in certain cases, an officer's mistaken belief in a legal standard can give rise to probable cause.

In order to stop and detain a person for a traffic violation, an officer must have probable cause to believe that the person has committed a violation. *State v. Matthews*, 320 Or 398, 402, 884 P2d 1224 (1994). Probable cause has two components: first, at the time of the stop, the officer must subjectively believe that a violation has occurred, and second, that belief must be objectively reasonable under the circumstances. *State v. Miller*, 345 Or 176, 186, 191 P3d 651 (2008). Thus, an officer's belief may be objectively reasonable even if the officer is mistaken as to the facts. *Tiffin*, 202 Or App at 203. However, "an officer's subjective belief that a traffic infraction occurred is objectively reasonable if, and only if, the facts as the officer perceived them actually satisfy the elements of a traffic infraction." *Id.* at 204.

In *Tiffin*, officers came upon a car traveling between 28 and 30 miles per hour in a 40-mile-per-hour zone. *Id.* at 201. Other than the police vehicle, no cars followed the defendant's car. The defendant's car and the police vehicle passed several turnouts and a passing lane or zone. After about a mile, the officers stopped the defendant for violation of ORS 811.130, which prohibits driving a motor vehicle "in a manner that impedes or blocks the normal and reasonable movement of traffic." *Id.* at 202. The defendant moved to suppress evidence obtained after the traffic stop, arguing that the officers lacked probable cause for the stop. The trial court denied the defendant's motion. On appeal, the defendant argued that "the officers' belief was not objectively reasonable because the facts * * * do not support the legal conclusion that, under the terms of the statute, he blocked or impeded the normal and reasonable flow of traffic." *Id.* at 205. We agreed with the defendant, concluding that the officers' subjective belief that the defendant had violated the

statute was not objectively reasonable because the facts of the case did not lead to the legal conclusion that defendant had violated ORS 811.130 by blocking or impeding "the normal and reasonable flow of traffic." *Id.* at 206; *see also State v. Hart*, 85 Or App 174, 176-77, 735 P2d 1283 (1987) (holding that an officer could not have a reasonable belief that a traffic violation had occurred when the defendant lawfully turned left in response to a malfunctioning traffic signal); *State v. Stearns*, 196 Or App 272, 275, 101 P3d 811 (2004) ("[S]ubjective belief that a traffic infraction occurred was objectively reasonable only if, in fact, obstruction of the word 'Oregon' by a registration plate frame is a violation of ORS 803.550.").

Similarly, here, Gay's subjective belief that defendant had violated ORS 811.315 was not objectively reasonable because the facts, taken as Gay perceived them, do not satisfy all of the elements of that statute. Defendant was traveling at 32 miles per hour late at night through an urban area lighted by street lights and ambient light where the posted speed was 35 miles per hour, while being followed by a marked patrol vehicle. Had defendant been traveling only four miles per hour faster he would have been violating the speed limit. Moreover, the Department of Motor Vehicles advises drivers to reduce their speed at night to increase safety. Thus, Gay's subjective belief was not objectively reasonable because the facts do not support the conclusion that defendant's speed was less than the normal speed under the circumstances. Accordingly, we reverse and remand.

Reversed and remanded.