Argued and submitted March 28, 2016, affirmed September 7, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DARECUS MAURICE CARSON,
*Defendant-Appellant.*

Multnomah County Circuit Court
140444271; A157936

404 P3d 1017

Erin J. Snyder Severe, Deputy Public Defender, argued the cause for appellant. With her on the briefs was Ernest G. Lannett, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Susan Yorke, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Paul L. Smith, Deputy Solicitor General.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

**EGAN, J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010. Defendant assigns error to the trial court's denial of his motion to suppress evidence, asserting that the underlying traffic stop was not supported by probable cause. We conclude, as did the trial court, that there was probable cause to stop defendant. Accordingly, the trial court did not err in denying the suppression motion, and we affirm.

The relevant facts are undisputed. On April 18, 2014, around 9:40 p.m., Officer Louka was driving an unmarked police car in downtown Portland. While headed north on Northwest Second Avenue, a one-way street with two lanes, Louka drove up behind defendant's car, which was completely stopped in the right lane of traffic just before an intersection. There was no stop sign or traffic light at the intersection, and no pedestrians were crossing in front of defendant's car. Defendant's vehicle did not have a turn signal or hazard lights on.

Although Louka could have pulled into the left lane and driven around defendant's car, he instead pulled up behind the car and waited for approximately five seconds. Defendant's vehicle did not move, and, at that point, Louka's partner sounded the air horn on the police vehicle. The officers waited another few seconds, and because there was no movement by defendant's vehicle, Louka activated his police vehicle lights, got out of his vehicle, and approached defendant at the driver's side window. Louka believed when he got out of his car and walked toward defendant's vehicle that defendant was impeding traffic. *See* ORS 811.130.[1]

Louka asked defendant why he was stopped in the middle of the road. Defendant replied that he "thought there was a stop sign there." Louka observed that defendant's speech was "unusually slow," and that defendant had glassy, watery, and bloodshot eyes, and appeared to be looking past him. Based on his training and experience, Louka

---

[1] Under ORS 811.130, "[a] person commits the offense of impeding traffic if the person drives a motor vehicle *** in a manner that impedes or blocks the normal and reasonable movement of traffic."

believed that defendant was likely impaired by some type of intoxicant.

Defendant's car started rolling forward; Louka told him to stop and asked for his driver's license. After that, Louka called for a traffic unit to come to the scene to investigate defendant for DUII. Defendant was ultimately arrested and charged with DUII.

Before trial, defendant filed a motion to suppress his identity and all other evidence obtained as a result of the stop, including any statements made by him. At the hearing on the motion, the state argued, in part, that Louka had probable cause to stop defendant for impeding traffic in violation of ORS 811.130. Defendant asserted that, although Louka had "subjective probable cause" of a traffic violation, his subjective belief was not objectively reasonable as required to support probable cause of a violation of ORS 811.130.

The trial court denied defendant's motion, explaining:

"[A]lthough traffic could have gone around [defendant], in this case he was completely blocking all traffic flow in that particular lane. He gave—once the officer went up and talked with him he gave no indication as to any reason as to why he needed to be there outside of the fact that he said that he was stopped for a stop sign, which did not exist.

"* * * * *

"An officer is not required—in order to have probable cause or reasonable suspicion an officer's not required to eliminate every other possibility [of why a person is stopped] before effectuating the stop. Yes, there were other possibilities as to why someone might be stopped there.

"But the officer had reasonable suspicion because of the lack of action after the air horn was blown to believe he had probable cause at that point for a traffic stop for impeding traffic because in fact no traffic could get by in the right-hand lane of Northwest 2nd at that point."

After a jury trial, defendant was convicted of DUII.

On appeal, defendant renews the argument that he made to the trial court. Although he does not challenge

the officer's subjective belief that he impeded traffic, defendant asserts that the officer did not have probable cause to stop him because his conduct did not violate ORS 811.130. In other words, according to defendant, the officer's belief was not objectively reasonable under the circumstances. In response, the state argues, in part, that the facts as the officer perceived them satisfied the elements of ORS 811.130, and the officer therefore had probable cause to believe that defendant had committed a traffic violation.[2]

We review the trial court's denial of a motion to suppress for legal error, and are bound by the trial court's factual findings if there is constitutionally sufficient evidence in the record to support them. *State v. Maciel-Figueroa*, 361 Or 163, 165-66, 389 P3d 1121 (2017). We begin with the legal test for probable cause:

> "In order to stop and detain a person for a traffic violation, an officer must have probable cause to believe that the person has committed a violation. ORS 810.410(2), (3); *State v. Matthews*, 320 Or 398, 402, 884 P2d 1224 (1994). Probable cause has two components. First, at the time of the stop, the officer must subjectively believe that a violation has occurred, and second, that belief must be objectively reasonable under the circumstances. *State v. Miller*, 345 Or 176, 186, 191 P3d 651 (2008) (describing *State v. Cloman*, 254 Or 1, 456 P2d 67 (1969)). For an officer's belief to be objectively reasonable, the facts, as the officer perceives them, must actually constitute a violation. *State v. Tiffin*, 202 Or App 199, 203, 121 P3d 9 (2005)."

---

[2] The state also challenges our prior holdings that the facts, as the officer perceives them, must actually constitute a violation of the traffic law—that is, that probable cause may not be based upon a reasonable mistake of law. *See State v. Tiffin*, 202 Or App 199, 204, 121 P3d 9 (2005) (so holding); *see also State v. Hart*, 85 Or App 174, 176-77, 735 P2d 1283 (1987) (stop was unlawful where officer incorrectly believed that the defendant had committed a traffic offense when turning his vehicle at a malfunctioning traffic signal). The state argues that we should overrule our precedent and adopt the rule—consistent with the reasoning of the United States Supreme Court—that probable cause may be based upon either a reasonable mistake of fact or a reasonable mistake of law. *See Heien v. North Carolina*, 574 US ___, 135 S Ct 530, 190 L Ed 2d 475 (2014) (under the Fourth Amendment to the United States Constitution, reasonable suspicion for a traffic stop can rest on a reasonable mistake of law). We decline the state's invitation to revisit our prior holdings. *See State v. Jones*, 286 Or App 562, 565 n 1, 401 P3d 271 (2017) (declining the state's invitation to revisit same precedent).

*State v. Stookey*, 255 Or App 489, 491, 297 P3d 548 (2013) (emphasis omitted). Thus, the issue on appeal is whether the facts, as the officer perceived them, constituted a violation of ORS 811.130. That is, was defendant "impeding traffic" under ORS 811.130 when he was stopped in the right lane of a two-lane, one-way street?

ORS 811.130 provides, in part:

"(1)   A person commits the offense of impeding traffic if the person drives a motor vehicle * * * in a manner that impedes or blocks the normal and reasonable movement of traffic.

"(2)   A person is not in violation of the offense described under this section if the person is proceeding in a manner needed for safe operation.

"(3)   Proceeding in a manner needed for safe operation includes but is not necessarily limited to:

"(a)   Momentarily stopping to allow oncoming traffic to pass before making a right-hand or left-hand turn.

"(b)   Momentarily stopping in preparation of, or moving at an extremely slow pace while, negotiating an exit from the road."

Defendant contends that there are two elements to a violation of ORS 811.130: (1) defendant's conduct must actually "impede" or "block" traffic; and (2) the impeding or blocking must not be part of the "normal and reasonable movement of traffic" at the time and place it occurs. Defendant argues that, although he had come to a complete stop, and, thus, completely blocked all traffic flow in the lane in which he was traveling, his stopping did not impede or block Louka's passage, or that of any other vehicle, because Louka could have moved to the left lane and continued on, moving back to the right lane if he chose to at some point.[3] Further, according to defendant, to the extent that he had momentarily impeded or blocked Louka's passage, his stopping was "commonplace" and part of the "normal and reasonable movement of traffic" at the time and place it occurred, which was at night at an unmarked intersection

_____

[3] Defendant does not assert that any of the exceptions to the offense under ORS 811.130(2) or (3) apply.

on a downtown city street where there are businesses, shops, and pedestrians.

The state responds that "[b]y completely stopping his vehicle and remaining stopped in the right lane of a through street—in the absence of any stop light, stop sign, or crossing pedestrians—defendant blocked or impeded the normal flow of traffic, in violation of ORS 811.130." We have addressed circumstances similar to those presented here in *Tiffin*, 202 Or App 199, and *State v. Chen (A155150)*, 266 Or App 683, 338 P3d 795 (2014).

In *Tiffin*, the defendant was driving below the posted speed limit on a two-lane road. Two officers followed the defendant for about a mile. There were no other cars on the road, the roads were not icy, and it was not raining or snowing, although there might have been some mist or drizzle. The defendant could have pulled into several turnouts to let the officers pass him but did not do that. There was also a passing lane or zone along the road where the officers could have passed the defendant, but they did not do that, choosing instead to follow him. After the defendant turned off of the two-lane road, the officers stopped him. Based on evidence gathered after the stop, the defendant was arrested and convicted of DUII. Prior to trial, the defendant filed a motion to suppress. On appeal from the trial court's denial of that motion, we held that the motion should have been granted because the defendant's conduct did not violate ORS 811.130. 202 Or App at 201, 206. We explained that the defendant's conduct of driving below the posted speed limit did not impede traffic:

> "[The officers] testified that defendant was driving unusually slowly for that stretch of road, along which other drivers often speed, and defendant therefore may have impeded the 'normal' movement of traffic along that road. Under different circumstances, that might be true. Here, however, where the speed was not significantly below the speed limit, there were no other cars on the road, and, if the officers' vehicle was blocked at all, it was for a very short distance, it cannot be said that defendant violated ORS 811.130 by blocking or impeding the normal and reasonable flow of traffic."

*Id.* at 206.

The circumstances in *Chen* contrast with those in *Tiffin*. In *Chen*, the defendant was driving his vehicle on a road that had two westbound lanes. He came to a stop in the right lane of traffic with his vehicle's left turn signal on and was attempting to move into the left lane. However, there were two vehicles in the left lane preventing the defendant from changing lanes. The defendant started to move into the left lane, which caused one of the vehicles in the left lane to swerve and slow down and the second vehicle in the left lane to slow down. There was also a vehicle in the right lane behind the defendant that had to slow down because the defendant's vehicle was stopped in the lane. An officer pulled the defendant over and cited him for impeding traffic. On appeal of the conviction for that traffic violation, we concluded that a rational trier of fact could have found that the essential elements of ORS 811.130 had been proved by a preponderance of the evidence. 266 Or App at 688. We stated that there was "evidence that defendant brought his vehicle to a complete stop in the right lane of moving traffic" and that when he did so, "he altered the normal movement of traffic." *Id*. We explained that, unlike in *Tiffin*, where the defendant was traveling under the posted speed limit, in *Chen*, the defendant came to a complete stop in his lane of travel. *Id*.

*Chen* is controlling in this case. Here, defendant's car was completely stopped and blocked an entire lane of travel and, as in *Chen*, altered the normal movement of traffic. Accordingly, we agree with the state that defendant impeded or blocked the normal and reasonable movement of traffic because he effectively converted a two-lane road into a single-lane road, and, if Louka had wished to proceed past defendant, he would have been required to change lanes to do so. As the trial court stated when denying defendant's motion to suppress, "[the officer] had probable cause * * * for a traffic stop for impeding traffic [after the air horn was blown] because in fact no traffic could get by in the right-hand lane of Northwest 2nd at that point." The "normal and reasonable" movement of traffic here would be that vehicles in each lane could proceed in their respective lanes of travel and not have to switch lanes due to a car blocking traffic in one of them. Therefore, defendant's conduct altered the normal flow of traffic. *See Chen*, 266 Or App at 688.

We are not persuaded by defendant's assertion that it was commonplace, normal, and reasonable for defendant to have stopped in the middle of the lane near an intersection under his specific circumstances. That is, defendant does not explain why, and we are not persuaded that, it was "normal and reasonable" conduct to completely stop and block a lane of traffic simply because it was nighttime and on a downtown city street.[4]

In sum, the trial court correctly concluded that defendant's conduct constituted a violation of ORS 811.130, and therefore, Louka's belief that defendant had committed a traffic violation was objectively reasonable. Accordingly, the court did not err in denying defendant's motion to suppress.

Affirmed.

---

[4] We reiterate that defendant has not argued that the exception set out in ORS 811.130(2) applies, and we do not consider that possibility.