ARMSTRONG, P. J.
*324 Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), assigning error to the trial court's denial of his motion to suppress evidence that the police obtained as a result of stopping defendant for a traffic infraction. According to defendant, the stop was unlawful because the officers lacked probable cause to believe that defendant had committed an infraction. We conclude that the stop was supported by probable cause and affirm.
The following facts are not disputed. Police officers encountered defendant as he drove his car while holding a cell phone in his hand. One of the officers "saw the screen was lit up * * * and * * * could see [defendant] pushing something on the screen." However, the officer could not identify the specific action that defendant was performing on his phone. When defendant looked up and saw that the vehicle next to him was a police car, he immediately put his cell phone down.
The officers stopped defendant. When they approached defendant's car, they smelled an odor of alcohol coming from the car and asked defendant how much he had had to drink that night. Defendant replied that he had had three beers. The officers asked and defendant consented to perform field-sobriety tests. Defendant showed signs of intoxication in all of the tests, which led the officers to arrest defendant for DUII. Defendant subsequently submitted to a breathalyzer test that determined that defendant's blood-alcohol level exceeded the 0.08 limit specified in ORS 813.300.
Before trial, defendant moved to suppress all evidence obtained from the traffic stop, arguing that the stop was unlawful because the officers had not had probable cause to believe that defendant had committed a traffic infraction before they stopped him. Defendant contended that the officers lacked probable cause to believe that he was "using" a cell phone in violation of state law because the law prohibited only the act of using a cell phone as a communication device, and the officers had an insufficient basis on which to believe that defendant was using his cell phone to communicate with anyone. The trial court denied *325 defendant's motion, concluding that "the fact that [the officer] indicated [ ] defendant was pushing on the screen of the cell phone [was] enough to be probable cause that [defendant was] using it, either dialing or texting."
On appeal, defendant reprises his argument, challenging the trial court's denial of his suppression motion. We review a trial court's denial of a suppression motion for legal error. State v. Carson , 287 Or. App. 631, 634, 404 P.3d 1017 (2017).
An officer can lawfully stop and detain a person for a traffic infraction only if the officer has probable cause to believe that the person has committed an infraction. State v. Matthews , 320 Or. 398, 403, 884 P.2d 1224 (1994). Probable cause has both subjective and objective components; to satisfy those requirements, the state must establish that an officer subjectively believed that the person whom the officer stopped had committed an infraction and that the officer's belief was "objectively reasonable under the circumstances." Id . For an officer's belief to be objectively reasonable, we consider the totality of circumstances at the time of the stop and all reasonable inferences that an officer may draw from those circumstances. State v. Keller , 280 Or. App. 249, 253, 380 P.3d 1144 (2016). The state must show that "the facts, as the officer perceives them , * * * actually *747 constitute a violation." State v. Stookey , 255 Or. App. 489, 491, 297 P.3d 548 (2013) (emphasis in original).
Both parties agree that the subjective prong of the probable cause inquiry is satisfied here. Hence, the issue is whether the officers' belief that defendant had committed an infraction was objectively reasonable under the circumstances. The state contends that the officers had probable cause to believe that defendant had violated ORS 811.507[1] by using his cell phone as a communication device while driving. ORS 811.507 prohibits the use of a "mobile *326 communication device" while operating a motor vehicle. The statute defines "mobile communication device" as "a text messaging device or a wireless, two-way communication device designed to receive and transmit voice or text communication." ORS 811.507(1)(b).
Defendant argues that, based on the facts known to the officers, the officers did not have probable cause to believe that he had violated ORS 811.507. Defendant relies heavily on our decision in State v. Rabanales-Ramos , 273 Or. App. 228, 359 P.3d 250 (2015), as support for his argument. In Rabanales-Ramos , a state trooper observed "light coming up to [the defendant's] face," which the trooper believed was coming "from a device that was in [the defendant's] hand that she was looking down at." Id. at 231, 359 P.3d 250. The light remained on for approximately 10 seconds. Id. The trooper stopped the defendant for using a cell phone while driving. Id. Construing ORS 811.507, we concluded that the statute applies only when a mobile communication device is being used "for the purpose of voice or text communication." Id. at 235, 359 P.3d 250. Based on the officer's limited observations in that case, we concluded that it was not objectively reasonable for the officer to believe that the defendant was violating the statute, because there was nothing to indicate that the defendant was using the phone for either voice or text communication, as distinguished from a lawful use such as "merely looking down at" a cell phone. Id. at 239-40, 359 P.3d 250.
The state argues that this case is distinguishable from Rabanales-Ramos because the officers saw defendant "pushing something on the screen" while he held the phone in his hand. The state contends that that additional information was enough to give the officers probable cause to believe that defendant had violated ORS 811.507 by using his phone as a mobile communication device.
We agree with the state that the officers' observations were sufficient to establish probable cause. The officers saw defendant looking at his phone and pressing buttons on the screen while he was driving, which raises the reasonable inference that defendant was using a mobile communication device, under the terms of ORS 811.507. Cf. Rabanales-Ramos , 273 Or. App. at 239, 359 P.3d 250 (stating that the trooper lacked *327 probable cause to stop the defendant because "he did not see defendant push any buttons or hold the device up to her ear"). Once defendant realized that police officers were driving in a car next to his, defendant immediately put his phone down, which suggests that defendant believed that his use of his cell phone was unlawful. See State v. Scarborough , 103 Or. App. 231, 234-35, 796 P.2d 394 (1990) (although furtive movements on their own do not give rise to probable cause, they "may add to a finding of probable cause when they are contemporaneous with the officer's observations of other information consistent with criminal activity"). Given those observations, it was reasonable for the officers to infer that defendant was unlawfully "using [his phone] to receive and transmit voice or text communication." Rabanales-Ramos , 273 Or. App. at 240, 359 P.3d 250. Hence, the trial court did not err by concluding that the officers had probable cause to support the stop and, accordingly, by denying defendant's suppression motion.
Affirmed.

The legislature amended ORS 811.507 in 2018. See Or. Laws 2018, ch. 32, § 1. However, we apply the 2013 version of that statute, which was the version in effect when the officers stopped defendant. Hence, all references to ORS 811.507 in this opinion are to the 2013 version. That version of the statute provided, in part, "A person commits the offense of operating a motor vehicle while using a mobile communication device if the person, while operating a motor vehicle on a highway, uses a mobile communication device." ORS 811.507(2).