ARMSTRONG, P. J.
*543 The state appeals an order granting defendant's motion to suppress evidence. It contends that the trial court erred in concluding that the arresting police officer lacked probable cause to believe that defendant had impeded traffic in violation of ORS 811.130 when the officer stopped defendant. The court's conclusion on that point formed the basis of its decision to grant defendant's suppression motion. We conclude that the facts as the officer perceived them did give rise to a reasonable belief by the officer that defendant had violated ORS 811.130. Hence, we reverse and remand.
On review of an order on a suppression motion, we review the order for legal error "and are bound by the trial court's factual findings if there is constitutionally sufficient evidence in the record to support them." State v. Carson , 287 Or. App. 631, 634, 404 P.3d 1017 (2017).
Officer Bartholomew of the Hillsboro Police Department was driving with his supervisor as part of Bartholomew's field training. Bartholomew turned onto Golden Road in Hillsboro, which he described as a "two-way, regular residential road" with "[o]ne lane for each direction." The road has a curb along the edge of the westbound lane of travel, and cars regularly park on the curb side of the road. The road is wide enough that, even when cars are parked along the curb side of the road, there is enough remaining road to accommodate two lanes of travel. There is no curb along the eastbound lane of travel, and private yards extend up to the paved portion of the road. Some of the yards have small dirt patches where drivers can pull off the road to park.
As soon as he turned onto Golden Road into the eastbound lane of travel, Bartholomew saw a line of two or three cars stopped behind defendant's car in the eastbound lane. The cars behind defendant's car proceeded to drive around defendant's car by driving into the oncoming lane of travel to continue down the road. The cars waited behind defendant's car for less than a minute before proceeding around it.
*544 After the other cars had gone around defendant's car, Bartholomew could see that defendant's car was stopped in Bartholomew's lane of travel with its brake lights engaged. At that point, Bartholomew believed that defendant was unlawfully impeding traffic, and Bartholomew initiated a traffic stop. Defendant responded by pulling into a driveway on the eastbound side of the road. During the course of the stop, defendant did not offer any explanation for having stopped his car in the road. Bartholomew observed signs of alcohol-induced impairment, which led him to conduct an investigation and, ultimately, to arrest defendant for driving under the influence of intoxicants.
Before trial, defendant moved to suppress all the evidence obtained from the stop on the ground that Bartholomew had lacked probable cause to believe that defendant had committed a traffic violation when Bartholomew stopped defendant. At the hearing on the motion, the trial court stated that it was a close call whether the facts gave rise to *550 probable cause to believe that defendant had impeded traffic. However, because there was ample room for other cars to go around defendant, the court concluded that defendant had not impeded traffic and that Bartholomew therefore lacked probable cause to stop defendant. In sum, the court was not persuaded that defendant's act of stopping his car on the side of Golden Road that lacked a curb made it objectively reasonable to believe that defendant had impeded traffic in violation of ORS 811.130. The court therefore granted defendant's suppression motion.
On appeal, the state renews its argument that Bartholomew had probable cause to believe that defendant had impeded traffic when Bartholomew stopped defendant. "Probable cause exists if, at the time of the stop, the officer subjectively believes that [an] infraction [has] occurred and if that belief is objectively reasonable under the circumstances." State v. Isley , 182 Or. App. 186, 190, 48 P.3d 179 (2002). Neither party contends that Bartholomew lacked a subjective belief that defendant had committed a traffic infraction; the sole issue is whether Bartholomew's belief was objectively reasonable.
*545 For an officer's belief to be objectively reasonable "the facts, as the officer perceives them , must actually constitute an infraction." State v. Tiffin , 202 Or. App. 199, 203, 121 P.3d 9 (2005) (emphasis added). The officer's belief is objectively reasonable even if it turns out that the officer was mistaken about the facts forming the basis for the stop and that no infraction had occurred. Id.
As noted, Bartholomew stopped defendant based on his belief that defendant had impeded traffic in violation of ORS 811.130.[1] ORS 811.130 prohibits driving in a manner that impedes the "normal and reasonable movement of traffic." We earlier addressed probable cause under that statute in Tiffin . There, officers saw the defendant driving between 28 and 30 miles per hour on a road on which the speed limit was 40 miles per hour. 202 Or. App. at 201, 121 P.3d 9. There was no ice on the roads, and it was not raining or snowing. The officers followed the defendant for approximately one mile. In that time, there were several turnouts that the defendant could have used to allow the officers to pass him, and there was also a brief passing lane that the officers could have used to pass the defendant. Nonetheless, the officers stopped the defendant for impeding traffic. Id. We concluded that the officers had lacked probable cause to believe that the defendant had impeded traffic because the officers had chosen to slow down to investigate the defendant and, therefore, the officers had not been impeded by the defendant's driving. Id. at 205, 121 P.3d 9. In reaching that conclusion, we relied on the facts that the defendant's speed was not significantly below the speed limit, there were no other cars on the road that were impeded by the defendant's driving, and the officers were slowed for only a short distance before they had an opportunity to pass the defendant. Id. at 206, 121 P.3d 9.
In contrast, we recently upheld in Carson a stop under ORS 811.130 for impeding traffic. There, the defendant was completely stopped in the right lane of a two-lane, one-way road. 287 Or. App. at 632, 404 P.3d 1017. A police officer stopped *546 his patrol car behind the defendant's car, waited for approximately five seconds, and then honked his horn. When the defendant still did not move, the officer initiated a traffic stop. Id . The defendant argued in support of his suppression motion that the officer had not had probable cause to believe that the defendant had impeded traffic because the officer could have passed the defendant's car simply by moving to the other lane. Id. at 635, 404 P.3d 1017. We concluded that the officer had probable cause to believe that the defendant had impeded traffic because the "defendant's car was completely stopped and blocked an entire lane of travel," which "altered the normal movement of traffic." Id. at 637, 404 P.3d 1017. We stated, "The 'normal and reasonable' movement of traffic here would be that vehicles in each lane could proceed in their respective lanes of travel and not have to *551 switch lanes due to a car blocking traffic in one of them." Id. The defendant had effectively turned the two-lane road into a one-lane road.
Carson controls our decision here. Like the defendant in Carson , defendant completely stopped his vehicle in what Bartholomew perceived to be a lane of travel. Bartholomew viewed the road as having two lanes of travel-with parking permitted only on the curb side of the road-and that the normal movement of traffic on the road was that the two lanes allowed for one lane of travel in each direction. The other cars that Bartholomew saw stopped behind defendant added to that belief because the drivers of those cars also treated the road as having one lane of travel in each direction. Defendant's actions altered that normal movement by removing a lane of travel and restricting cars to a single, shared lane of travel for both directions of travel. Even if, as defendant argues, Bartholomew was incorrect as to the facts and defendant actually was stopped in a parking lane, Bartholomew's belief that defendant was blocking a lane of travel was objectively reasonable under the circumstances. See Tiffin , 202 Or. App. at 203, 121 P.3d 9 ("[A]n officer's belief may be objectively reasonable even if it turns out to be [factually] incorrect.").
Because Bartholomew's belief that defendant had impeded traffic in violation of ORS 811.130 was objectively reasonable, Bartholomew had probable cause to believe *547 when he initiated the traffic stop that defendant had committed a traffic infraction. Therefore, the trial court erred by granting defendant's suppression motion.
Reversed and remanded.

ORS 811.130 provides, as relevant:
"(1) A person commits the offense of impeding traffic if the person drives a motor vehicle or a combination of motor vehicles in a manner that impedes or blocks the normal and reasonable movement of traffic."