Submitted on remand from the Oregon Supreme Court September 10, reversed and remanded October 30, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHANNON DeWAYNE CARPENTER,
*Defendant-Appellant.*

Curry County Circuit Court
15CR0052; A159994

452 P3d 490

In *State v. Carpenter*, 287 Or App 720, 404 P3d 1135 (2017) (*Carpenter I*), defendant advanced, and the court rejected, two related assignments of error: (1) that the trial court erred in denying his motion for a judgment of acquittal because the state presented insufficient evidence that he "concealed" a wanted person for purposes of the crime of hindering prosecution, ORS 162.325(1)(a); and (2) that, because he did not "conceal" the wanted person, the police lacked probable cause to arrest him for that crime and the court therefore should have granted his motion to suppress evidence of oxycodone that was found on his person after the arrest. In *State v. Carpenter*, 365 Or 488, 446 P3d 1273 (2019) (*Carpenter II*), the Supreme Court reversed *Carpenter I* with regard to the first assignment of error based on a different interpretation of the term "conceal," and it remanded to the Court of Appeals for further consideration of defendant's second assignment of error. *Held*: In light of *Carpenter II*, the trial court erred in denying defendant's motion to suppress. None of the facts known to police supported an objectively reasonable belief that defendant's conduct concealed the wanted person from ordinary observation—the standard for "conceals" under ORS 162.325(1)(a) as the Supreme Court interpreted that statute in *Carpenter II*. Because the police did not have probable cause to arrest defendant for hindering prosecution, and the state did not develop an argument as to any alternative justification for his arrest or independent means of discovering the drug evidence, the trial court erred in denying the motion to suppress. Therefore, defendant's conviction for unlawful possession of a Schedule II controlled substance, which was based on the evidence that was the subject of the motion to suppress, must be reversed and remanded.

Reversed and remanded.

On remand from the Oregon Supreme Court, *State v. Carpenter*, 365 Or 488, 446 P3d 1273 (2019).

Jesse C. Margolis, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and DeVore, Judge, and Powers, Judge.

DeVORE, J.

Reversed and remanded.

## DeVORE, J.

This case is on remand from the Supreme Court, which reversed our decision in *State v. Carpenter*, 287 Or App 720, 404 P3d 1135 (2017) (*Carpenter I*), and remanded for reconsideration, *State v. Carpenter*, 365 Or 488, 446 P3d 1273 (2019) (*Carpenter II*). In *Carpenter I*, defendant advanced two related assignments of error: (1) that the trial court erred in denying his motion for a judgment of acquittal because the state presented insufficient evidence that he "concealed" a wanted person for purposes of the crime of hindering prosecution, ORS 162.325(1)(a); and (2) that, because he did not "conceal" the wanted person, the police lacked probable cause to arrest him for that crime and the court therefore should have granted his motion to suppress evidence of oxycodone that was found on his person after the arrest. We rejected both assignments of error, concluding that defendant's attempts to mislead police by denying knowledge of the wanted person, Haussler, and his whereabouts, had "concealed" Haussler for purposes of the crime of hindering prosecution. *Carpenter I*, 287 Or App at 729-30.

Defendant petitioned for review, challenging only the denial of his motion for a judgment of acquittal. *Carpenter II*, 365 Or at 492 n 2. After allowing the petition, the Supreme Court held that we had erroneously interpreted the term "conceals" for purposes of the crime of hindering prosecution. The court explained that "it is apparent that the legislature did not intend the term 'conceals' in ORS 162.325(1)(a) to include denying knowledge about a wanted person or his or her whereabouts." *Id.* at 500. Rather, "conceals" for hindering prosecution "requires conduct by the defendant that hides the statutory object of concealment—a person who committed a crime punishable as a felony—from ordinary observation." *Id.*

The court then concluded that the state's proof of such conduct by the defendant was insufficient. The state had presented evidence that, in response to a detective's questioning, defendant had denied knowing Haussler, denied knowing Haussler's whereabouts, and denied coming onto Haussler's property with him; defendant had claimed that he arrived at the property in a truck with only a woman, and

not Haussler. Those statements, the court held, "whether true or false, did not conceal Haussler himself," and the trial court "therefore erred in denying defendant's motion for judgment of acquittal." *Id.* at 501.

Because defendant's petition for review had not challenged the denial of his motion to suppress, the Supreme Court did not address that assignment of error. However, the court remanded the case to us "for further consideration of the effect of [*Carpenter II*] on defendant's assignment of error challenging the trial court's denial of his motion to suppress the evidence of drug possession that police found after defendant's arrest." *Id.* at 492 n 2.

Turning now to that question, we conclude that *Carpenter II* compels a different outcome with regard to defendant's motion to suppress than we previously reached. In *Carpenter I*, we explained that the "facts underlying the motion to suppress with regard to concealment were essentially the same as those developed during trial." 287 Or App at 729 n 4. We then held that, on those same facts, "[o]ur conclusion that defendant could be found to have concealed Haussler's physical presence at the scene of these events means that the detective's belief that defendant had committed a crime was objectively reasonable. *See generally State v. Owens*, 302 Or 196, 204, 729 P2d 524 (1986) (discussing probable cause)." *Carpenter I*, 287 Or App at 730. We therefore rejected defendant's assignment of error regarding the denial of his motion to suppress. *Id.*

After *Carpenter II*, that reasoning is no longer correct. *See State v. Jury*, 185 Or App 132, 136, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) (explaining that error is determined based on the law that exists at the time an issue is considered on appeal). None of the facts known to the detective supported an objectively reasonable belief that defendant's conduct hid Haussler from ordinary observation—the standard for "conceals" under ORS 162.325(1)(a) as the Supreme Court interpreted it. *See State v. Vasquez-Villagomez*, 346 Or 12, 23, 203 P3d 193 (2009) (the state "must establish that the facts objectively are sufficient to establish probable cause"); *State v. Carson*, 287 Or App 631, 634 n 2, 404 P3d 1017 (2017) (adhering to longstanding precedent that probable cause

cannot be based upon a reasonable mistake of law). Because the detective did not have probable cause to arrest defendant for hindering prosecution, and the state has not developed an argument as to any alternative justification for his arrest or independent means of discovering the drug evidence, the trial court erred in denying the motion to suppress. *See State v. Johnson*, 120 Or App 151, 156, 851 P2d 1160, *rev den*, 318 Or 26 (1993) (explaining that "Article I, section 9, does not have a 'good faith' exception"). We therefore reverse and remand defendant's conviction for unlawful possession of a Schedule II controlled substance, which was based on the evidence that was the subject of the motion to suppress.

Reversed and remanded.