Argued and submitted October 31, 2018, reversed and remanded April 15, 2020

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# K. R. S.,
## aka K. S., aka K. R. S.,
*Defendant-Appellant.*

### Jackson County Circuit Court
### 14CR25583; A163868

464 P3d 481

Defendant appeals a judgment convicting her of possession of methamphetamine, assigning error to the trial court's denial of her motion to suppress evidence discovered during an inventory of a car in which she was a passenger after a lawful traffic stop. *Held*: The Supreme Court held in *State v. Fulmer*, 366 Or 224, 460 P3d 486 (2020), that an inventory conducted without notice to an occupant who is present that she may remove readily retrievable items violates Article I, section 9, of the Oregon Constitution. Because defendant did not receive the constitutionally required notice that she could remove her personal belongings from the car before the officer conducted the inventory, the trial court erred in denying her motion to suppress.

Reversed and remanded.

Patricia Crain, Judge.

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Susan G. Howe, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

ARMSTRONG, P. J.

Reversed and remanded.

**ARMSTRONG, P. J.**

Defendant appeals a judgment convicting her of possession of methamphetamine. She assigns error to the trial court's denial of her motion to suppress evidence discovered during an inventory of a car in which she was a passenger after a lawful stop for a traffic violation. For the reasons explained here, we conclude that the Supreme Court's recent opinion in *State v. Fulmer*, 366 Or 224, 460 P3d 486 (2020), requires a reversal of defendant's conviction.

A Medford police officer stopped a car in which defendant was a passenger after noticing that defendant was not wearing a seatbelt, in violation of ORS 811.210. Because neither the driver nor defendant had a valid driver's license, the officer determined that he was required to impound the vehicle. *See* ORS 809.720 ("A police officer who has probable cause to believe that a person *** has committed an offense described in this subsection may, without prior notice, order the vehicle impounded[.]"). The inventory policy of the Medford Police Department for impounded vehicles required the officer to "[a]llow those persons released from the vehicle to obtain their personal belongings from the vehicle prior to inventory (if not in-custody"").

The officer asked defendant and the driver to get out of the car and told them where to stand while he conducted the inventory. Inside the trunk, the officer found a blue backpack. The officer asked to whom the backpack belonged, and defendant said that it belonged to a friend. The officer opened the backpack and began removing articles of clothing. Defendant then told the officer that the backpack belonged to her. The officer continued to inventory the backpack's contents and found a small cosmetic bag that defendant said was not hers. The officer opened the cosmetic bag and found the evidence that resulted in the charge of possession of methamphetamine.

Defendant filed a motion to suppress, contending that the officer exceeded the scope of Medford's inventory policy by continuing to inventory the contents of the backpack after defendant told the officer that the backpack was hers. Defendant also contended that the officer's continued

inventory of the backpack's contents after defendant had asserted her ownership of the backpack was a warrantless search that violated her right to be free of unreasonable searches and seizures under Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution.

The trial court denied defendant's motion to suppress, explaining that, to protect her privacy and possessory interests in the backpack, defendant should have asserted those interests at the outset, before the inventory started, and that there was no requirement that the officer ask people to remove personal possessions before beginning the inventory. Defendant entered a conditional guilty plea and filed this appeal.

After the filing of briefs and oral argument in this case, the Supreme Court decided *Fulmer*. In that case, the court reiterated its holding from *State v. Atkinson*, 298 Or 1, 688 P2d 832 (1984), and its progeny that exceptions to the warrant requirement—including the inventory exception—must be applied "consistently with the purposes animating the exception." *Fulmer*, 366 Or at 233-34. The court held that, in light of the first two of the three principal purposes justifying the court-created inventory exception to the warrant requirement—to protect the owner's property while in police custody and to reduce and tend to prevent the assertion of false claims against police—before conducting an inventory of a vehicle in a noncriminal and nonemergency context, where vehicle occupants are present and not under arrest, police must "give occupants who are present and not under arrest notice that they may retrieve readily removable personal belongings before an inventory is conducted." *Id.* at 234-35. An inventory conducted without notice to an occupant who is present that she may remove readily retrievable items violates Article I, section 9. *Id.* at 236.

Medford's inventory policy required the officer to "allow" people to remove their personal property from an impounded vehicle but it did not require the officer to give notice that personal belongings may be removed, and the officer did not give defendant notice to that effect. We see no basis to distinguish this case from *Fulmer* on the ground

that defendant initially did not claim that the backpack was hers. She did not receive the constitutionally required notice that she could remove her personal belongings from the car before the officer conducted the inventory of it. The trial court therefore erred in denying defendant's motion to suppress.

Reversed and remanded.