No. 487          July 10, 2024          745

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

DUSTIN ALEXANDER SEVITS,
*Defendant-Respondent.*

Marion County Circuit Court
21CR25452; A178770

Daniel J. Wren, Judge.

Argued and submitted on September 18, 2023.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Kyle Krohn, Deputy Public Defender, argued the cause for respondent. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

The state appeals an order granting defendant's motion to suppress evidence discovered during an inventory of defendant's car. In its assignment of error, the state argues that the trial court erred when it relied on *State v. Fulmer*, 366 Or 224, 460 P3d 486 (2020), and concluded that the detectives violated Article I, section 9, of the Oregon Constitution. Specifically, the state argues that the detectives complied with *Fulmer* because, approximately 40 seconds after they began the inventory, they asked defendant if he wanted to remove any items. Because Article I, section 9, as interpreted by the Supreme Court in *Fulmer*, required the detectives to notify defendant that he could remove items before they began the inventory and they failed to do so, we conclude that the trial court did not err when it granted defendant's motion. Accordingly, we affirm.

"On review of an order on a suppression motion, we review the order for legal error and are bound by the trial court's factual findings if there is constitutionally sufficient evidence in the record to support them." *State v. Harrop*, 296 Or App 541, 543, 439 P3d 548, *rev den*, 365 Or 556 (2019) (internal quotation marks omitted).

Two detectives observed defendant commit several traffic violations and initiated a traffic stop. The detectives asked defendant to consent to a search of the car, and he refused. Because defendant lacked proof of insurance, had a suspended license, and was alone, the detectives told him that they would tow his car. The detectives then asked defendant to exit the car so that they could conduct an inventory. Approximately 40 seconds after a detective began the inventory, the other detective asked defendant, "Is there something that you want out of the vehicle?" Defendant responded, "No." During the inventory, a detective found a camera bag that contained heroin in an exterior pocket. The detectives placed defendant under arrest and subsequently found additional drugs and a firearm in the car.

Defendant moved to suppress any evidence found in the car and argued, among other things, that the detectives violated Article I, section 9, because they failed to notify him

that he could remove items from the car before they began the inventory. The court granted defendant's motion and suppressed "all evidence flowing from this constitutional violation," explaining that,

> "Even though the court finds that detectives acted in good faith regarding their understanding of the law, it is not a justification for overlooking the precedent established in *Fulmer*, almost fifteen (15) months before this incident took place. Further, the court finds that asking defendant 40+ seconds into the inventory about removing personal items does not cure the constitutional defect."

On appeal, the state argues that the trial court should have denied defendant's motion because the detectives complied with *Fulmer*. In so arguing, the state contends that "*Fulmer* is not dispositive" because the officers who conducted the search that was at issue in that case never notified the defendant that she could remove items from the car, whereas the detectives in this case "expressly advised defendant that he could retrieve his property." Alternatively, the state argues that, even if the detectives violated Article I, section 9, by failing to timely notify defendant that he could remove items before the inventory, suppression of the evidence was not warranted because the violation did not lead to the discovery of the evidence. We are not persuaded.

We conclude that the trial court was correct that Article I, section 9, required the detectives to notify defendant that he could remove items *before* they began the inventory. In *Fulmer*, the Supreme Court concluded that "an inventory conducted without notice to the occupant who is present that [the occupant] may remove readily retrievable items violates Article I, section 9." 366 Or at 236. In light of *Fulmer*, we explained that

> "[t]he [Supreme Court] held that, *** before conducting an inventory of a vehicle in a noncriminal and nonemergency context, where vehicle occupants are present and not under arrest, police must 'give occupants who are present and not under arrest notice that they may retrieve readily removable personal belongings *before an inventory is conducted*.'"

*State v. K. R. S.*, 303 Or App 500, 502, 464 P3d 481 (2020) (quoting *Fulmer*, 366 Or at 234-35 (emphasis added)).

Here, the state acknowledges that defendant was present and that the detectives had not placed him under arrest when they began the inventory. Further, the state acknowledges that the detectives had conducted the inventory for at least 40 seconds before they asked defendant if he wanted to remove any items. Because the detectives did not provide defendant the constitutionally required notice *before* they conducted the inventory, they violated Article I, section 9. *See id.* at 503 (reversing the trial court's denial of a motion to suppress when the officer failed to notify the defendant that she could remove property from the car before conducting an inventory).

Alternatively, the state argues that the evidence should not have been suppressed because, before the detectives found any incriminating evidence, they belatedly asked defendant if he wanted anything from the vehicle and he responded that he did not. In the state's view, "in this case, the illegality occur[ed] before the search that is at issue," and the exchange between the detective and defendant means that there is no causal connection between the illegality and the search that yielded the evidence.

Defendant contends that the state did not preserve this alternative argument that it advances on appeal. But we need not resolve that dispute. Even if the argument is preserved, it fails on the merits. The state's position is inconsistent with our understanding of *Fulmer* set out above. As we have explained, the illegality occurred when the detectives failed to give defendant the constitutionally required notice before they began the inventory. *See Fulmer*, 366 Or at 237 (holding that the failure to give a defendant notice that "he or she may retrieve personal items from the vehicle causes the scope of the inventory to exceed the purposes that justify the exception"). And the inventory led to the discovery of the heroin; there was no "search" that took place independent of the inventory. Indeed, the inventory is the only exception to the warrant requirement on which the state relied below or relies on appeal to justify the discovery of the heroin, which led to defendant's arrest and the subsequent discovery of additional incriminating evidence. Without prior notice, the inventory was constitutionally invalid under *Fulmer*. The

heroin found during that invalid inventory was discovered in violation of Article I, section 9. The trial court did not err in granting defendant's motion to suppress.

Affirmed.